April SCHNEIDER; Matt Farley; Denice Basques, Plaintiffs–Appellants,

v.

**Ted W. MERRITT, individually and in his capacity as Chief of Police for the City of Pacifica; William Glasgo, Police Officer for the City of Pacifica; Dave Bertini, Police Officer for the City of Pacifica; City of Pacifica, a municipality, Defendants–Appellees.**

No. 05–16317.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 14, 2007.

Filed June 26, 2007.

George D. Yaron, Esq., Yaron & Associates, San Francisco, CA, for Plaintiffs–Appellants.

Selman Breitman, LLP, San Francisco, CA, Gregg A. Thornton, Esq., for Defendants–Appellees.

Before: BYBEE, M. SMITH, and N.R. SMITH, Circuit Judges.

### MEMORANDUM *

April Schneider, Matt Farley, and Denice Basques appeal from the district court's grant of summary judgment to the City of Pacifica, its Chief of Police, and two of its police officers on their constitutional claims under 42 U.S.C. § 1983 and California Civil Code § 52.1. The facts are known to the parties and we do not recite them here.

---

* This disposition is not appropriate for publication and is not precedent except as provided

We review a district court's grant of summary judgment de novo and draw all reasonable inferences in the light most favorable to the non-moving party. *Valdez v. Rosenbaum,* 302 F.3d 1039, 1043 (9th Cir.2002). We also must determine whether the district court properly applied the relevant law. *Id.* We may affirm on any basis supported by the record. *Id.*

"Section 1983 requires a claimant to prove (1) that a person acting under color of state law (2) committed an act that deprived the claimant of some right, privilege or immunity protected by the Constitution or laws of the United States." *White v. Roper,* 901 F.2d 1501, 1503 (9th Cir.1990) (footnote omitted).

Officer Glasgo's decision to initiate an investigatory stop of Schneider's vehicle was justified under *Terry v. Ohio,* 392 U.S. 1, 20–23, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The stop does not give rise to any constitutional violations, because Officer Glasgo had reasonable suspicion to initiate the investigatory stop.

The collision did not give rise to any viable Fourth Amendment claims. *See County of Sacramento v. Lewis,* 523 U.S. 833, 843–844, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998) ("no Fourth Amendment seizure would take place where a pursuing police car sought to stop the suspect only by the show of authority represented by flashing lights and continuing pursuit, but accidentally stopped the suspect by crashing into him") (internal quotation marks omitted). Moreover, neither Officer Glasgo's nor Officer Bertini's detention of Schneider, Basques, and Farley constituted an arrest. *See United States v. Butler,* 249 F.3d 1094, 1098 (9th Cir. 2001) ("The case books are full of scenarios

by 9th Cir. R. 36–3.

in which a person is detained by law enforcement officers, is not free to go, but is not 'in custody' for Miranda purposes. A traffic stop is not custody."). The period of detention following the collision was also reasonable and justified under California law. *See* Cal. Veh.Code § 20001(a) ("The driver of any vehicle involved in an accident resulting in injury to any person, other than himself or herself, or in the death of any person shall immediately stop the vehicle at the scene of the accident and shall fulfill the requirements of Sections 20003 and 20004.").

Plaintiffs' Fourteenth Amendment claims also fail because the record before us, including the police videotapes, does not evidence a constitutional violation. A reasonable jury could not find anything beyond mere negligence on this record. *See Lewis,* 523 U.S. at 848–851, 118 S.Ct. 1708 (holding that a party must introduce something going beyond mere negligence to prevail on a Fourteenth Amendment claim); *see also Scott v. Harris,* —— U.S. ——, 127 S.Ct. 1769, 1776, 167 L.Ed.2d 686 (2007) (holding that "[t]he Court of Appeals should not have relied on [ ] visible fiction; it should have viewed the facts in the light depicted by the videotape").

Plaintiffs cannot allege colorable Fifth Amendment claims because the Fifth Amendment does not apply to state actors. *See Betts v. Brady,* 316 U.S. 455, 462, 62 S.Ct. 1252, 86 L.Ed. 1595 (1942) ("Due process of law is secured against invasion by the federal Government by the Fifth Amendment and is safeguarded against state action in identical words by the Fourteenth."), *overruled on other grounds by Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

The record does not support Farley's First Amendment claim for intimidation and/or retaliation. There is nothing in the record suggesting that a reasonable person would have been prevented from engaging in protected speech in similar circumstances. *See Mendocino Envtl. Ctr. v. Mendocino County,* 192 F.3d 1283, 1300 (9th Cir.1999) (holding that "the proper inquiry asks whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities") (internal quotation marks omitted).

Plaintiffs' claims for negligent hiring, retention, and supervision also fail. Without an underlying constitutional violation, the City of Pacifica and its Chief of Police have no vicarious liability under § 1983. *See Monell v. New York City Dep't of Social Srvs.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (no vicarious liability under § 1983 for mere tort liability).

The district court properly granted summary judgment on the plaintiffs' claims under California Civil Code § 52.1, because plaintiffs failed to identify any independent violations of California's Constitution and/or statutes. The Plaintiffs also introduced no evidence that would allow a reasonable jury to find a violation of the United States Constitution. Given the failure of plaintiffs' constitutional claims, the district court properly dismissed the remaining state law claims for lack of subject matter jurisdiction.

**AFFIRMED.**